IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00564-WDM-MEH

LESLIE McWETHY, individually and as parent and next friend of minor Jordan Thomas McWethy,

    Plaintiff,

v.

THE CITY OF COLORADO SPRINGS, d/b/a MEMORIAL HOSPITAL,
GEORGE L. HERTNER, M.D.,
GREGORY P. COLLINS, D.O., and
JAMES K. WARREN, M.D.,

    Defendants.

## ORDER ON MOTION TO AMEND

Before the Court is Plaintiff's Motion for Leave to Amend Complaint [docket #62]. The matter is briefed and has been referred to this Court for disposition. Oral argument will not materially assist the Court in adjudicating the motion. For the following reasons, this Court **grants** the Plaintiff's motion.

**A.      Background**

Plaintiff initiated this action on March 16, 2009. The Scheduling Order, issued July 22, 2009, set the deadline for joinder of parties and amendment of pleadings for September 15, 2009. Docket #48 at 9. However, the Court granted Plaintiff's unopposed motion to extend the pretrial deadlines in this case; thus, the deadline for joinder of parties and amendment of pleadings was extended to October 15, 2009. Docket #61. Plaintiff filed the present Motion to Amend on October 6, 2009, within the deadline imposed by the Court.

Plaintiff seeks to add two claims "in the alternative" pursuant to the Emergency Medical Treatment and Active Labor Act (EMTALA) against Defendant City of Colorado Springs d/b/a

Memorial Hospital.  The current operative pleading, Plaintiff's First Amended Complaint, Jury Demand and Certificate of Review, alleges claims arising from her husband's death following a hospital visit for cardiac problems.  *See* First Amended Complaint, docket #8.  In the proposed Second Amended Complaint, Plaintiff alleges two additional claims under the EMTALA, which arise from the Plaintiff's husband's death, but which are based upon facts the Plaintiff claims she discovered through this litigation.

Defendants[1] oppose the Plaintiff's motion to amend as untimely and futile.  *See* docket #64. Specifically, Defendants contend that, although Plaintiff's motion was filed within the deadline set forth in the amended Scheduling Order, such deadline was extended only for the purpose of allowing Defendant Warren's new attorney to "get up to speed on the status of the case."  Further, Defendants state that Plaintiff knew or should have known the facts underlying the new claims at the time of her husband's death in October 2007 or, at least, at the time she initiated this action in March 2009; thus, Defendants argue Plaintiff's motion is unduly delayed.  Moreover, the Defendants contend that the evidence does not support the Plaintiff's new claims for failure to provide appropriate medical screening and failure to provide required stabilization care and treatment pursuant to the EMTALA and, thus, are futile.

Plaintiff responds that the unopposed extension of the pretrial deadlines was not entered solely for the Defendants' benefit and thus, her motion is timely filed.  In addition, Plaintiff contends that her motion is not unduly delayed since she learned of the facts supporting the necessary elements for her EMTALA claims during the course of discovery and through depositions of the Defendants.  Finally, the Plaintiff argues that any issue regarding insufficiency of the evidence is not an appropriate basis upon which to find amendments futile pursuant to Rule 15(a).

---

[1] Defendant City of Colorado Springs filed a response to the motion on October 19, 2009; the other Defendants joined in the motion on October 20-21, 2009.  *See* dockets #65-67.

**B.     Discussion**

    1.     Standard of Review

A party seeking to amend a pleading must meet the requirements of Fed. R. Civ. P. 15(a). That is, once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2009); *see also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see also Foman,* 371 U.S. at 182.

    2.     Analysis

One Magistrate Judge in this District has held that "[t]he fact that a party first learns, through discovery or disclosures, information necessary for the assertion of a claim after the deadline to amend established in the scheduling order has expired constitutes good cause to extend that deadline." *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668-69 (D. Colo. 2001). Here, unquestionably, the motion is timely filed within the deadline established by the Court. Additionally, the Court is persuaded that the facts underlying the new claims were learned by the Plaintiff during the discovery period. At the time she filed the within motion, nearly four months

of a six-month discovery period remained in the case.  Thus, the Court finds no undue delay in the timing of Plaintiff's Motion to Amend.

Likewise, the Court agrees with Plaintiff that the Defendants have provided an inadequate basis upon which to find the new claims futile.  "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal."  *Jefferson County Sch. Dist. No. R-1 v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999); *see also Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992) ("a district court is clearly justified in denying a motion to amend as futile only if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim").

Defendants do not contend that Plaintiff fails to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), but rather, Defendants argue that the evidence (thus far) does not support the Plaintiff's claims.  Plaintiff responded with argument and testimonial evidence in support of her position that the evidence is sufficient to support the new claims.  However, the Court finds that Defendants' argument goes to the weight of the evidence, not to the feasibility or viability of the claims themselves.  The Court cannot say, at this juncture, that Plaintiff's currently presented evidence supporting the new claims is legally defective or would not survive a motion to dismiss; thus, the Court is not persuaded that the proposed amendments are futile.  *See Ingle v. Dryer*, 2008 WL 1744337, *4 (D. Colo. Apr. 11, 2008) (unpublished).

Therefore, in the interests of justice, the Court will grant Plaintiff's request to amend her First Amended Complaint at this stage of the litigation to add two new claims against the Defendant City of Colorado Springs d/b/a Memorial Hospital.

**C.    Conclusion**

Accordingly, for the reasons stated above, the Court **grants** the Plaintiff's Motion for Leave

5

to Amend Complaint [filed October 6, 2009; docket #62].  The Clerk of the Court is directed to file the Second Amended Complaint, Jury Demand and Certificate of Review found at docket #62-2. Defendants shall respond to the Second Amended Complaint in accordance with Fed. R. Civ. P. 15(a).

Dated this 6th day of November, 2009, in Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge